UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARIA GABRIELA COLMENAREZ
ALVARADO,

      Petitioner,

v.                                                                      No. 1:26-CV-209-H

WARDEN, BLUEBONNET
DETENTION FACILITY, et al.,

      Respondents.

## ORDER

Earlier this year, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Maria Gabriela Colmenarez Alvarado, a native and citizen of Venezuela, is one such alien, having illegally entered the United States over three years ago. Her habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands her immediate release based on the Fifth and Fourth Amendments. Dkt. No. 1.

*Buenrostro-Mendez* did not foreclose such constitutional claims. But these claims fail on the merits. Due process does not require her release. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Colmenarez Alvarado are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. And her Fourth Amendment claim does not entitle her to relief in habeas. The petition (Dkt. No. 1) is denied.

### 1.    Background

In 2023, Colmenarez Alvarado illegally entered the United States. Dkt. No. 5 at 2. After entering, she was encountered by U.S. Border Patrol and was placed into removal proceedings with a Notice to Appear. Dkt. No. 6 at 4. The NTA charged her with removability as an immigrant without valid entry documents. *Id.* at 7; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In April 2026, she was taken into custody after ICE pending the outcome of her removal proceedings. Dkt. No. 1 at 2.

Colmenarez Alvarado is held without bond and neither requested nor received a bond hearing. *Id.* That is because the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado* held that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Instead, Colmenarez Alvarado filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states three claims for relief. Her first claim argues that her detention is unlawful under the Fourth and Fifth Amendments. *Id.* ¶¶ 20–25. Her second and third claims contend that her detention violates her rights under the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 26–38.

### 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment

– 2 –

or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Colmenarez Alvarado raises three claims in her habeas petition. Dkt. No. 1 ¶¶ 20–38. These include a claim based on the Fourth and Fifth Amendments and two more based on the Fifth Amendment. *Id.* Because *Buenrostro-Mendez* did not foreclose these constitutional claims, the Court turns to Colmenarez Alvarado's briefing to determine whether she is entitled to relief. The answer is no.

### A.    The Fifth Amendment does not require the government to give Colmenarez Alvarado a bond hearing.

Colmenarez Alvarado asserts two claims arguing that her detention violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 26–38. She does not clarify whether her challenge is based on substantive or procedural due process. But either way, she is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the

Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Colmenarez Alvarado has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A)

– 4 –

"mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Colmenarez Alvarado is not entitled to a bond hearing as a matter of procedural due process.[1]

### B. The Fourth Amendment does not entitle Colmenarez Alvarado to habeas relief.

Finally, Colmenarez Alvarado argues that her detention was preceded by a warrantless arrest without probable cause, in violation of the Fourth Amendment. Dkt. No. 1 ¶¶ 20–25. She argues, without supporting citation, that her "arrest and continued detention violate the Fourth Amendment and constitute a deprivation of liberty without due process of law under the Fifth Amendment." *Id.* ¶ 25. But she fails to explain why habeas is an appropriate remedy.

As another judge in the Fifth Circuit has explained, "habeas has traditionally been a means to secure release from unlawful detention," whereas "suppression of evidence is the typical remedy" for a Fourth Amendment violation. *Kanda v. Cole*, __ F. Supp. 3d __, No. 5:26-CV-158, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026) (citation modified). And other cases considering Fourth Amendment violations in the removal context occur only after a "petition has exhausted their administrative remedies through Immigration Court and the Board of Immigration Appeals." *Lopez Ruiz v. Olson*, No. 4:26-CV-051, 2026 WL

---

[1] The Court recognizes that a Fifth Circuit panel recently came to a contrary conclusion when addressing alleged Due Process violations. *See Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 1906557 (5th Cir. July 2, 2026). But because the full Fifth Circuit granted rehearing en banc, that panel's opinion has been vacated. *See* Nos. 26-50183, 26-50219, 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). "[T]hus the opinion is not binding precedent." *Munn v. City of Ocean Springs*, 763 F.3d 437, 441 n.2 (5th Cir. 2014). For the reasons discussed above, the Court is not persuaded by *Sosnava Rodriguez*.

483478, at *12 (W.D. Ky. Feb. 20, 2026) (collecting cases); *Solis-de Patino v. Pitts*, 823 F. Supp. 3d 457, 464 (W.D. Tex. 2011); *see also De La Paz v. Coy*, 786 F.3d 367, 376-77 (5th Cir. 2015) (detailing DHS's regulatory scheme to address Fourth Amendment violations).

Once Colmenarez Alvarado exhausts her administrative remedies for the purportedly unlawful arrest, she may obtain review in the Fifth Circuit. *See* 8 U.S.C. § 1252(a)(2)(D); *see also* Ruiz, 2026 WL 483478, at *12–13. Today, however, her Fourth Amendment claim fails. And for the reasons stated above, *supra* Analysis § 3(A), she is not entitled to relief under the Fifth Amendment.

**4.    Conclusion**

In short, Colmenarez Alvarado, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Fifth Amendment does not require her release in these circumstances, nor does the Fourth Amendment. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on July 27, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE